UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JAKE MAXWELL**<br><br>    **Defendant.** | **Case No. 22-CR-99 (RJL)** |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO RECONSIDER GUILTY VERDICT**

The defendant, Jake Maxwell, has moved for the Court to reconsider its verdict, finding him guilty of violating 18 U.S.C. § 231(a)(3). ECF No. 97. This motion, which should be construed as a motion for a judgment of acquittal under Rule 29, is untimely and should be denied. None of the law cited by the defendant in his motion supports his argument that a trial court is authorized to reconsider a verdict solely on the grounds that other trial courts have made different factual findings in different cases. Rather, the Court should see the defendant's motion for what it is: an attempt, days before he was scheduled to be sentenced, to delay facing the consequences of his actions. Accordingly, the Court should deny the defendant's motion.

### I.    PROCEDURAL BACKGROUND

On March 25, 2022, a Grand Jury indicted the defendant, Jake Maxwell, on seven counts: Civil Disorder (18 U.S.C. § 231(a)(3)) (Count One); Assaulting, Resisting, or Impeding Certain Officers (18 U.S.C. § 111(a)(1)) (Count Two); Assaulting, Resisting, or Impeding Certain Officers (18 U.S.C. § 111(a)(1)) (Count Three); Entering or Remaining in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(1)) (Count Four); Disorderly or Disruptive Conduct in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(2)) (Count Five); Engaging in Physical Violence in a Restricted

Building or Grounds (18 U.S.C. § 1752(a)(4)) (Count Six); and Act of Physical Violence in the Capitol Grounds or Buildings (40 U.S.C. § 5104(e)(2)(F)) (Count Seven).

From November 7–9, 2023, this Court conducted a bench trial in this case. At the conclusion of the government's case, on November 8, the Court heard extensive argument for the defendant's motion for acquittal under Fed. R. Crim. P. 29. Trial Tr. at 152–175. In fact, the Court observed that it was "the longest, most transcript-oriented and evidence-oriented Rule 29 argument" that it had ever entertained. *Id.* at 175. The Court denied the defendant's motion, and the parties presented closing arguments on November 9.

On November 14, 2023, this Court delivered its verdict, finding the defendant guilty of Counts One, Four, and Five. In its verdict, the Court provided detailed findings of fact and of law that filled approximately fourteen pages of the trial transcripts. Trial Tr. at 393–406. In that verdict, the Court also acquitted the defendant on Counts Two, Three, Six, and Seven. In issuing each acquittal, the Court described the evidence it had reviewed and emphasized the high standard of proof beyond a reasonable doubt. *See, e.g.,* Trial Tr. at 397–98; 400–402 ("[I]t is a close call, and, under our system of government, close calls go to the criminal defendant.").

Sentencing in this case was initially scheduled for February 22, 2024. *See* Nov. 14, 2023, Minute Entry. That sentencing hearing was later vacated by the Court and rescheduled for April 29, 2024. *See* Mar. 12, 2024, Minute Entry. At the April 29 hearing, the Court ordered additional briefing and did not announce a sentence. The sentencing was then rescheduled to August 7, 2024. *See* Jul. 12, 2024, Minute Order.

On August 1, 2024—more than eight months after the Court issued its verdict in this case— the defendant filed the instant Motion for Reconsideration of the Trial Court's Guilty Verdict. ECF

No. 97. To allow for full briefing on this motion, the Court vacated the August 7 sentencing date. *See* Aug. 2, 2024, Minute Order.

At the time of this filing, no date has been set for sentencing.

## II. ARGUMENT

### a. The Defendant's Motion Is Untimely

Although the defendant, correctly, notes "there exists no Federal Rule of Criminal Procedure governing motions to reconsider," ECF No. 97 at 2, there *is* a rule governing the relief they seek. And under that rule, their motion is (significantly) untimely.

Although styled as a "motion to reconsider," the defendant is ultimately asking the Court to acquit him on Count One, based on an alleged insufficiency of the evidence. So, in essence, the motion can be understood as a motion for a judgment of acquittal under Fed. R. Crim. P. 29. When seeking judgment of acquittal *after* a verdict has already been rendered, a defendant must move for this relief, or renew an existing motion, "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). Because this bench trial did not involve a jury, the operative deadline was fourteen days after the Court issued its verdict: November 28, 2023.

Because the defendant filed the instant motion more than eight months after Rule 29's deadline, it is untimely and should be denied.

### b. This Court Lacks Authority to Revisit Its Judgment of Guilt in This Case

The defendant suggests that his motion is governed not by Rule 29—or any Federal Rule— but by the supposed inherent authority of a trial court to revisit former rulings of guilt. This broad position lacks legal support. Based on the government's review of the applicable law, it does not

3

appear the Court has the authority to reconsider its verdict, other than as proscribed by the Federal Rules of Criminal Procedure.

The Supreme Court has previously considered a trial court's authority to reconsider past acquittals. For example, in 2005, the Supreme Court considered a trial court's reconsideration of a mid-trial acquittal. *Smith v. Massachusetts*, 543 U.S. 462 (2005). That acquittal, the Court held, was a final ruling, not subject to revision, "unless the availability of reconsideration has been plainly established by pre-existing rule or case authority expressly applicable to midtrial rulings on the sufficiency of the evidence." *Id.* at 473.

Likewise, the Supreme Court has considered cases in which a trial court attempts to revisit a jury's finding of guilt. In *Carlisle v. United States*, 517 U.S. 416 (1996), the Supreme Court rejected the trial court's grant of an untimely motion for a judgment of acquittal. In that case, the defendant moved for a judgment of acquittal one day later than the rules permitted, and the trial judge initially denied the motion both on the merits and as untimely. *Id.* at 418. At sentencing, the trial court reversed course and entered a judgment of acquittal. *Id.* The Supreme Court held this was improper. *Id.* at 433. In so ruling, the Court rejected the defendant's arguments that Federal Rule of Criminal Procedure 2 "vests the court with the supervisory power to enter judgment of acquittal" and that the trial court's "inherent supervisory power" provided such authority. *See id.* at 420–28. The Court explained: "Whatever the scope of this 'inherent power,' . . . it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure. *Id.* at 426. Relevant here, the government is unaware of any Federal Rule of Criminal Procedure that would allow a district court to reopen a guilty verdict entered at the conclusion of a bench trial.

The government has endeavored to identify cases in which a trial court had vacated or reconsidered its own bench verdict following a contested trial. Beyond *United States v. DaSilva*, No. 21-cr-564 (CJN), 2024 WL 519909 (D.D.C. Feb. 8, 2024), there appears to exist scant authority indicating that this procedure is permissible. Indeed, some state appellate courts have expressly prohibited such a procedure.[1] In fact, the government was not able to find *any* federal cases supporting the proposition that a trial court has the authority to reconsider a guilty verdict out of time, other than the two district court cases cited by the defendant: *DaSilva* and *United States v. Mendoza*, 390 F. Supp. 2d 925 (N.D. Cal. 2005).

In *Mendoza*, the district court "reconsidered its guilty verdict, vacated its finding of guilty, and dismissed the indictment" in an illegal re-entry case based on an intervening change in circuit law between the original verdict and the dismissal. 390 F. Supp. 2d at 928. The defendant cites *Mendoza* for the proposition that "[f]indings of guilt are not final orders, and District Courts have authority to reconsider such findings." ECF No. 97 at 2. The defendant fails to mention, however, *Mendoza*'s subsequent treatment on appeal. In the government's appeal of the district court's dismissal in that case, the Ninth Circuit did not directly address the propriety of the district court's reconsideration, because the Ninth Circuit had reheard *en banc* the case that had purportedly changed the law. *See United States v. Tafoya-Mendoza*, 232 F. App'x 675 (9th Cir. 2007), *as*

---

[1] *See People v. Dobson*, 25 N.Y.S.3d 313, 315 (N.Y. App. Div. 2016) ("A Trial Judge who has rendered a guilty verdict after a nonjury trial has neither inherent power nor statutory authority to reconsider his [or her] factual determination. Although he [or she] may correct clerical or ministerial errors, he [or she] is without authority to reassess the facts and change a guilty verdict to not guilty." (quotations omitted)); *State v. Williams*, 891 So. 2d 26, 30 (La. Ct. App. 2004) ("We conclude that filing a motion for post verdict judgment of acquittal in a bench trial was procedurally improper. Here the trial court had heard the case as the trier or fact and found the defendant guilty of the lesser included offense of sexual battery. Then a few months later without additional evidence, the trial court granted the motion to reconsider verdict and enter verdict of not guilty, vacated the prior guilty verdict, and found the defendant not guilty.")

*amended on denial of reh'g and reh'g en banc* (Aug. 17, 2007). However, the Ninth Circuit did reverse the district court's dismissal of the indictment and remanded for further proceedings. *Id.* In light of this appellate history, *Mendoza* lends scant support for the notion that district courts have authority to revisit their own guilty verdicts and dismiss the underlying charges.

In *DaSilva*, Judge Nichols chose to reconsider a previous conviction in another January 6 case, after he had subsequently determined a new reading of the *mens rea* requirement in 18 U.S.C. § 1752. The defendant, Matthew DaSilva, was convicted following a bench trial of various offenses, including three violations involving 18 U.S.C. § 1752. *DaSilva*, 2024 WL 519909 at *1. In a later case, *United States v. Elizalde*, 23-cr-170 (CJN), 2023 WL 8354932 (D.D.C. Dec. 1, 2023), Judge Nichols concluded that a conviction under 18 U.S.C. § 1752 required proof of an additional element that had not been included in the legal instructions in *DaSilva*.[2] He therefore reconsidered his findings of guilt as to Section 1752 offenses in *DaSilva*. 2024 WL 519909 at *7.

To justify this reconsideration, Judge Nichols argued that a court's authority to reconsider *interlocutory* appeals "logically extends to findings of guilty in bench trials," because findings of guilt do not divest the court of jurisdiction and permit appeal. *Id.* at *3–4. But a finding of guilt in

---

[2] Specifically, Judge Nichols concluded that conviction under Section 1752 required proof, beyond a reasonable doubt, that the defendant "knew that a Secret Service protectee would be present at the Capitol." *DaSilva*, 2024 WL 519909 at *6. The government, and many courts within this district, disagree with Judge Nichols and do not require this specific knowledge of a Secret Service protectee's presence. *See United States v. Carnell et al.,* 23-cr-139 (BAH) (Memorandum Opinion, Feb. 15, 2024, ECF No. 98 at 10-12); *United States v. Easterday*, 22-cr-404 (JEB), 2024 WL 1513527, at *10 (D.D.C. Apr. 8, 2024); *United States v. Warnagiris*, 21-cr-382 (PLF), ECF No. 128 at 4–5 (D.D.C. Mar. 28, 2024); *United States v. Chambers*, 23-cr-300 (DLF) (D.D.C. Mar. 14, 2024); *United States v. Kenyon*, No. 23-cr-101 (ABJ), (Mar. 12, 2024); *United States v. Ibrahim*, No. 21-cr-496 (TJK) (Apr. 16, 2024); *United States v. Smith*, No. 23-cr-71 (RDM), Trial Tr. at 82-97 (May 10, 2024); *United States v. Nester*, 22-cr-183 (TSC) (D.D.C. Mar. 5, 2024); Trial Tr. at 1199–1200; Mem. Court's Responses to Jury Questions at 4, *United States v. Rhine*, No. 21-cr-687 (RC), ECF No. 104 (D.D.C. Apr. 24, 2023); Trial Tr. at 330–32, *United States v. Griffin*, No. 21-cr-92 (TNM), ECF No. 106 (D.D.C. Mar. 22, 2022). The D.C. Circuit is expected to decide this issue in *United States v. Griffin*, No. 22-3042 (oral argument held Dec. 4, 2023).

a criminal case is not ordinarily interlocutory. To the contrary, the Federal Rules of Criminal Procedure set out in detail the narrow circumstances in which a guilty verdict can be revisited. *See, e.g.,* Fed. R. Crim. P. 29, 33. And the D.C. Circuit has repeatedly emphasized the finality of jury verdicts. *Cf. United States v. Campbell*, 684 F.2d 141, 151–52 (D.C. Cir. 1982) (holding that alleged juror misconduct did not justify overturning verdict and emphasizing "the finality of the verdict"); *United States v. Williams-Davis*, 90 F.3d 490, 505 (D.C. Cir. 1996) (emphasizing the importance of "[p]reserving the finality of jury verdicts" to denying defendant a hearing on post-trial juror allegations of pre-deliberation discussions).

It is unclear why the Court should approach the finality of its verdict any differently than a verdict rendered by a jury. *See People v. Maharaj*, 679 N.E.2d 631, 657 (N.Y. 1997) ("Simply because the court was acting as both fact finder and Judge of the law does not allow for a result different from that dictated when a court presiding over a jury trial [made a legal error]. . . . After formal rendition of a verdict at a bench trial, a trial court lacks authority to reweigh the factual evidence and reconsider the verdict.") (citations omitted). If a jury were to return a guilty verdict and, later, some other juries returned different verdicts on allegedly similar facts and under similar legal instructions, the court would not recall the jury, reopen the verdict, and ask the jury to deliberate again.

The *DaSilva* opinion attempts to square this circle largely through a technical interpretation of the Federal Rules of Criminal Procedure as distinguishing between juries and judges as factfinder for purposes of Rule 29. This interpretation is almost entirely underpinned by *DaSilva*'s statement that "[j]uries return guilty 'verdicts,' judges render 'findings' of guilty." 2024 WL 519909 at *5. But courts regularly use the terms "verdict of guilty" and "finding of guilt" interchangeably, regardless of whether the factfinder is a jury or judge—even in some of the cases

7

*DaSilva* cites. *See, e.g.*, *Ex Parte Lange*, 85 U.S. 163, 201–02 (1873) (referring to jury's "finding" of guilt); *Smith v. Massachusetts*, 543 U.S. 462 (2005) (discussing impact of judge's "directed verdict" on double jeopardy considerations). In any event, this conclusion alone does not carry the day in this case.

For the foregoing reasons, we respectfully disagree with the breadth of *DaSilva* as it relates to reconsideration of a trial verdict. Because the defendant has not identified any governing law that authorizes the Court to reconsider its verdict outside the scope of Rule 29, the defendant's motion should be denied.

### c. Unlike in the Cases Cited by the Defendant, No Alleged Change in Law Would Impact the Verdict This Court Issued in November 2023

Even if this Court were inclined to follow the cases that the defendant alleges establish a broad right to reconsider past verdicts, the court should still deny the defendant's motion. That is because, in both of those cases, the district court reconsidered its verdict based on alleged legal error and a subsequent change in the law or interpretation of the law, rather than allegations that the trial court could have reached different factual conclusions or that other trial courts have weighed evidence differently. The defendant has cited no legal authority for his claim.

As discussed above, in *DaSilva*, Judge Nichols chose to reconsider a previous conviction because of the alleged legal error of failing to require proof of an allegedly essential element of the charges. And in *Mendoza*, the trial court reconsidered its guilty verdict based on an intervening change in governing circuit law. Here, however, the defendant simply suggests that the Court "consider" two recent cases in which courts in this district acquitted defendants of violations of 18 U.S.C. § 231(a)(3): *United States v. Hicks*, 23-cr-399 (JMC) and *United States v. Daniele*, 23-cr-143 (APM). He does not, and cannot, allege any change in the law or error in legal instructions: the *Hicks* and *Daniele* courts' legal instructions for a Section 231(a)(3) violation match the

elements this Court considered, nearly verbatim. *See* Trial Tr. At 393–94; *Hicks* Trial Tr. at 11; *Daniele* Trial Tr. at 605.[3]

Thus, the defendant's argument boils down to this: the Court should discard its previous factual findings and make new findings nine months after trial because two other defendants charged with the same conduct were acquitted by different factfinders based on different facts. This is nonsensical. Setting aside the many ways in which the facts of this case are distinguishable from *Hicks* and *Daniele*,[4] the defendant's motion disregards the detailed findings of fact this Court made when announcing its verdict.

As the defendant notes in his motion, Judge Cobb stated in *Hicks* that she, as the trier of fact, could not find that the defendant intended to obstruct, impede or interfere with law enforcement, based on the evidence presented in that trial. ECF No. 97 at 3; *Hicks* Trial Tr. at 15. Likewise, the defendant notes that Judge Mehta, in *Daniele*, did not make a factual finding, beyond a reasonable doubt, that the defendant acted with this intended purpose. ECF No. 97 at 4; *Daniele* Trial Tr. at 606. In contrast, this Court made an express, factual finding "beyond a reasonable doubt, that Mr. Maxwell knowingly committed an act intending to obstruct, impede, or interfere with law enforcement officers." Trial Tr. at 394. In fact, this Court went further, finding that the defendant acted "with a full awareness that [his actions] would obstruct, impede, or interfere in the police's ability to defend the Capitol." *Id.* at 395. The Court even made specific findings about

---

[3] The transcripts from the *Hicks* and *Daniele* verdicts, compared to the transcript of this Court's verdict in the instant case, show only one material difference in the elements each judge listed for a violation of Section 231(a)(3): in *Hicks*, Judge Cobb did not consider an "attempt" theory, whereas this Court and the *Daniele* court properly did.

[4] The proposition itself—distinct defendants tried under distinct facts before different judges (even assuming the facts were similar) can be compared for purposes of a verdict—carries no legal weight. The defendant cannot identify any lawful basis to reconsider a verdict on this theory. This is no surprise: no different than the fact that juries may separately come to alternate verdicts in similarly situated cases, so too can judges.

moments in which Maxwell acted with the requisite intent to sustain a conviction under Section 231(a)(3). *See id.* (finding that the defendant acted with the "intended purpose" of obstructing, impeding, or interfering with law enforcement when he "deliberately cut a path to the front of the mob and the police line.")

The record in this case shows that this Court carefully weighed the evidence to reach its factual findings. At the conclusion of the government's case, the Court heard lengthy, if not exhaustive, arguments on the defendant's motion for acquittal under Fed. R. Crim. P. 29 before denying the motion. Trial Tr. at 152–175. And, after hearing closing arguments from the parties, the Court took sufficient time to consider the evidence before issuing a verdict. When delivering its verdict, the Court announced detailed findings of fact for each contested element of each charge, and the Court repeatedly emphasized that it had considered the high burden of finding facts beyond a reasonable doubt. Trial Tr. at 393–406. As the Court itself stated, any "close calls" were resolved in favor of the defendant. Trial Tr. at 402.

As a factual matter, the Court's own findings confirm that the question of the defendant's guilt for violating Section 231(a)(3) was not a close call. And the defendant has identified no change in the law that could affect this finding. Therefore, the defendant's motion should be denied.

### III. CONCLUSION

For the foregoing reasons, this Court should deny Maxwell's motion for Reconsideration of the Trial Court's Guilty Verdict and proceed to sentencing Maxwell on all three counts for which this Court found him guilty.

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        UNITED STATES ATTORNEY

BY: */s/ Elizabeth N. Eriksen*
ELIZABETH N. ERIKSEN
Trial Attorney, Detailee
VA Bar No. 72399
U.S. Dept. of Justice, Criminal Division
Detailed to the USAO-DC
601 D Street NW
Washington, DC 20530
elizabeth.eriksen2@usdoj.gov
(202) 616-4385

*/s/ Nathaniel K. Whitesel*
NATHANIEL K. WHITESEL
Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7759

*/s/ Sean J. Brennan*
SEAN J. BRENNAN
Assistant United States Attorney
NY Bar No. 5954128
601 D Street NW
Washington, DC 20530
sean.brennan@usdoj.gov
(202) 252-7125