UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | Case No. 1:22-CR-99-RJL |
|---|---|---|
| v. | : | |
| JAKE MAXWELL, | : | |
| Defendant. | : | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO REVIEW AND RECONSIDER THE TRIAL COURT'S GUILTY VERDICT**

COMES NOW the Defendant, Jake Maxwell ("Mr. Maxwell"), by and through counsel, Michael T. van der Veen and William J. Brennan, and respectfully moves this Court to review and reconsider the Court's guilty verdict on Count I of the Indictment, Civil Disorder in violation of 18 U.S.C. § 231(a)(3) and find Mr. Maxwell not guilty of such offense.

On August 1, 2024, Mr. Maxwell filed a Motion to Review and Reconsider the Trial Court's Guilty Verdict.[1] On August 2, 2024, the Honorable Richard J. Leon vacated the sentencing hearing previously scheduled for August 7, 2024 and ordered a briefing schedule. The government filed their reply on August 15, 2024. Mr. Maxwell incorporates the procedural history, facts and argument from his first Motion to Reconsider, and submits this instant reply brief in support of the previously filed Motion to Reconsider.

---

[1] Since filing, Defense counsel has become aware of several other cases in which individuals were found not guilty of Civil Disorder by way of bench trial. Defense counsel was not able to obtain verdict reading transcripts, but defense counsel believes all of the cases cited concern individuals who either physically assaulted police officers and/or went inside of the Capitol building. See *USA v. Samuel Camargo*, 1:21-cr-00070-ABJ-1(wherein the defendant was found not guilty of Civil Disorder, but found guilty of misdemeanor simple assault); *USA v. Michael Balhorn*, 1:23-cr-00114-ACR-2(wherein the defendant was found not guilty of Civil Disorder but guilty of parading, demonstrating or picketing in a Capitol building);*USA v. Kyle Mlynarek,* 1:23-cr-00114-ACR-1(similar as *Balhorn*); *USA v. Darrell Neely*, 1:21-cr-00642-JDB.

Mr. Maxwell's Motion to Reconsider is just that, a Motion to Reconsider. The Government's contention that this is an untimely Rule 29 motion is flat out wrong and an attempt to distract this Honorable Court. Mr. Maxwell is asking the Court to reconsider it's finding of guilt on Count one (1) of the Indictment, Civil Disorder. The Government is attempting to s*ua sponte* rename Mr. Maxwell's filing and demand it be reviewed under a different standard. Mr. Maxwell asks this Honorable Court not to be swayed by such tactics. "If Rule 29 governs motions for acquittal after a bench trial, the rule may well displace and replace the court's background authority to reconsider findings of guilt in bench-trial cases." *United States v. DaSilva*, No. 1:21-CR-00564 (CJN), 2024 WL 519909, 4 (D.D.C. Feb. 8, 2024). This very district has determined that Rule 29 motions, although required to be made for the purpose of preserving appellate review for legal sufficiency arguments, apply to jury trials. In fact, the Court in *DaSilva* notes how Federal Rule of Criminal Procedure 29 does not mention a bench trial at all. *Id*. at 5.

The Government's reply brief suggests that Mr. Maxwell's motion asking this Honorable Court to reconsider its finding of guilt lacks legal support. However, as cited extensively in Mr. Maxwell's Motion, the case of *United States v. DaSilva* provides ample support. Although the Government "respectfully disagree[s] with the breadth of *DaSilva* as it relates to reconsideration of a trial verdict," does not mean there is no "legal support." They cannot ignore the fact that Mr. Maxwell has legal precedent to ask this Court to reconsider its findings.

Time after time the Government mentions Rule 29. The Government completely disregards Judge Nichols' ruling, and instead tries to persuade the Court that Mr. Maxwell's filing is disguised as an untimely Motion for a Judgment of Acquittal. The government contends Mr. Maxwell should have filed a Motion for Judgment of Acquittal, yet under *DaSilva*, Mr. Maxwell is unable to seek relief pursuant to Rule 29, as he proceeded by way of bench trial. So is a criminal defendant left

without any rights or recourse at the trial court level after a guilty finding by a District Judge? Must a criminal defendant be sentenced and wait through an entire lengthy appellate process before asking a court to grant him relief? To put forth such concept would completely obliterate the need for post-trial motions and undermine the criminal justice system as we know it.

The Government then cites various cases in an attempt to convince the Court they there is no authority to revisit the finding of guilt. Interestingly, the Government first cites a 2005 Supreme Court case of *Smith v. Massachusetts*. 543 U.S. 462, (2005). In this case, the Defendant was tried before a jury on charges relating to a shooting. The Defendant moved for a judgement of acquittal after the prosecution finished its case, which the trial court granted. Prior to closing arguments, the prosecution essentially asked the trial court to reconsider its previous order granting a judgement of acquittal. The trial court erroneously granted the prosecution's request, and the jury convicted the defendant on all counts. The United States Supreme Court in reversing and remanding the case declared,

> [t]he Double Jeopardy Clause's guarantee cannot be allowed to become a potential snare for those who reasonably rely upon it. If, after a facially unqualified midtrial dismissal of one count, the trial has proceeded to the defendant's introduction of evidence, the acquittal must be treated as final, unless the availability of reconsideration has been plainly established by pre-existing rule or case authority expressly applicable to midtrial rulings on the sufficiency of the evidence.

*Id*. at 473.

In citing this case in its brief, and the argument subsequent, it appears the Government disagrees with the bedrock principle of Double Jeopardy. The *Smith* case revolves around a mid-trial motion for a judgement of acquittal, **not** a finding of guilt. Additionally, this case considered an individual being acquitted of a charge, and later the acquittal was stripped from him, not vice versa, like the

case at bar. Furthermore, since 2005, this very district has established that there is in fact authority for a court to reconsider their own rulings. See *Da Silva*, *supra*.

The government then seeks support from *Carlisle v. U.S*. 517 U.S. 416 (1996). However, not only did this case involve a guilty verdict by a **jury** but concerned the trial court's granting an untimely judgement of acquittal. The government omitted the fact that this denial of a motion for a judgement of acquittal was due to the untimeliness, which is not applicable in the case at bar, as (while attempting not to belabor this fact) Mr. Maxwell yet again submits that the instant filing is not a motion for a judgment of acquittal, and there is no timeliness issue present.

In their briefing, the government states they are "unaware of any Federal Rule of Criminal Procedure that would allow a district court to reopen a guilty verdict entered at the conclusion of a bench trial." Mr. Maxwell has acknowledged there exists no Federal Rule of Criminal Procedure governing motions to reconsider, but rather the inherent authority for a court to change their rulings is divested within the power of the court itself, as well as the aforementioned caselaw.

The government's brief states they were only able to find two (2) federal cases in which a reconsideration of a trial verdict in a bench trial was granted or even addressed, which were the two (2) cited by Mr. Maxwell. The government left out, however, that they were unable to find any persuasive, let alone any binding authority, to establish a reconsideration was not allowed or was denied. Instead, the government disregards case law in the current jurisdiction, and cites a New York state case and a Louisiana state case to demand a post-trial request to reconsider a trial court's verdict is "prohibited."

After ignoring *DaSilva* and its rulings, the government then challenges Mr. Maxwell's citing of *United States v. Mendoza*. The government concedes that on appeal, the inherent authority of the trial court's ability to reconsider non-final rulings was not addressed, rather the case was

reversed and remanded due to a change in law. The government contends there is "scant support for the notion that district courts have authority to revisit their own guilty verdicts…" Govt's Brief at 6.

Yet, as the Government is more than well aware, a judgment may only be appealed after a judgement becomes final. It would be illogical to presume a finding of guilt by a tribunal is a final order, much like a guilty verdict rendered by a jury is final, as doing so would eliminate post-trial (but pre-appellate) practice. Given that Mr. Maxwell's sentencing was bifurcated due to argument concerning the appropriate guidelines, it is clear that there are still issues available for the Court to dispose of.

In citing a 1982 case, the government cherry picks the phrase "finality of the verdict," to attempt to make its point. *U.S. v. Campbell*, 684 F.2d 141 (D.C. Cir. 1982). In its entirety, the Court when referencing the distinction between extraneous and intra-jury influences on verdicts and the notion that "compromise verdicts and verdicts rendered out of compassion may result," stated, "[b]ut these are not unacceptable, and the jury system itself would be undermined if losing parties could so easily destroy the finality of the verdict." *Id*. at 151-152. In *Campbell*, there were issues containing improper sentencing and allegations or jury misconduct, which the Court noted that either would "undermine[] the integrity of the criminal justice system." The finality of the jury verdict comment was with respect to the allegation of juror misconduct, in which one juror contacted chambers, and the following excerpt was addressed in the footnotes,

> The juror began by explaining that after the first three days of deliberation, "(t)he jurors were very unhappy about being sequestered and they were voting so that they could go home to their husbands and wives and families .... Everyone's nerves were shot." Tr. 2-3. She then criticized the way the jurors discussed parts of the evidence, and the trial court began to ask questions.
> The court: If the consensus would be guilty or not guilty, you would go along with it.

5

> Juror: I did. The vote was going eleven to one, and I was the one.
> The court: You were the one holding out for not guilty.
> Juror: Yes.
> The court: Well, that's the way the jury system works.
> Juror: It's shocking.
> The court: It's the best system that's been devised yet. And based on what you have told me, there was nothing improper in the way the verdict was returned.

*Id*. at 153.

The "finality of the verdict" had nothing to do with the trial court's finding of guilt but rather had to do with the process that is jury deliberation, and the Court noted, "[o]rdinarily, a verdict will not be upset on the basis of a juror's post-trial report of what occurred in the course of deliberations." *Id*. at 151. To say that *Campbell* and the case at bar are the same is illogical. Mr. Maxwell's case involved no jury and therefore no issue concerning juror misconduct. Unless the government is alleging this Honorable Court engaged in some form of misconduct, the Court should not be persuaded by this argument.

The government is right, however, when they argue, "[i]f a jury were to return guilty verdict, and later, some other juries returned different verdicts on allegedly similar facts and under similar legal instructions, the court would not recall the jury, reopen the verdict, and the jury to deliberate again." Should that have been the case here, Defense counsel would, presumably, ask the Court to set aside the verdict of the jury and ask for a motion for judgement of acquittal, pursuant to Federal Rule of Criminal Procedure 29. Because Federal Rule of Criminal Procedure 29 applies to jury trials, Mr. Maxwell is left with no other avenue than to submit a motion to reconsider the Court's guilty finding.

Mr. Maxwell has been clear in his reconsideration that the Civil Disorder statute requires Mr. Maxwell possess the intent to interfere with law enforcement officers. No facts in the record demonstrate Mr. Maxwell's intent to interfere with law enforcement officers on January 6, 2021.

The facts did show Mr. Maxwell was present on the Capitol grounds and that his actions made the jobs of law enforcement officers more difficult, but at no point did his want to stand witness and protest create an intent to interfere with law enforcement officers.

The government spent most of their brief discussing Federal Rule of Criminal Procedure 29 and alleging Mr. Maxwell's request is untimely, rather than discussing the substance of the motion to reconsider. Perhaps it is because they are aware Mr. Maxwell, under the plain reading of the statute and the facts presented at trial, should be acquitted of the Civil Disorder charge, and their only (in their eyes) "legitimate" challenge is to the procedural manner in which Mr. Maxwell brought his motion. However, as discussed at length, this Honorable Court should not be persuaded by out of jurisdiction cases, and unapplicable and red herring case law. Rather, this Honorable Court should see Mr. Maxwell's request to review the Court's verdict as just that, a request to reconsider this Honorable Court's finding given the reading of the statute, the various other outcomes with facts much more egregious than what is present before the Court in this case (i.e. the not guilty findings), and the specific facts presented at trial.

Accordingly, Mr. Maxwell asks this Honorable Court to reconsider whether his actions were done with the **intent to interfere** with law enforcement officers during their lawful duties, or whether his actions, although perceived as an impediment, were just that, actions, which unfortunately and ultimately obstructed officers' abilities to perform their lawful duties.

**WHEREFORE**, Mr. Maxwell respectfully moves this Court to reconsider and review the Court's guilty verdict and find Mr. Maxwell not guilty of Count 1 of the Indictment, Civil Disorder, a violation of 18 U.S.C. § 231(a)(3).

Respectfully Submitted,

Date: August 22, 2024                       /s/ Michael T. van der Veen
Michael T. van der Veen
Attorney for Defendant
Pennsylvania Bar No. 75616
van der Veen, Hartshorn, Levin & Lindheim
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529
mtv@mtvlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of August, 2024, a copy of the foregoing *Reply Brief in Support of Defendant's Motion to Review And Reconsider the Trial Court's Guilty Verdict* was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

Counsel for the Government:  Elizabeth N. Eriksen
1301 New York Ave., N.W., Room 849
Washington, DC 20530
P: (202) 616-4385
Elizabeth.Eriksen@usdoj.gov


/s/ Michael T. van der Veen
Michael T. van der Veen, Esq.