UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 22-cr-99 (RJL) |
| ) | |
| JAKE MAXWELL, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER
September 16, 2024 [Dkt. #97]

On November 14, 2023, following a bench trial, I found defendant Jake Maxwell guilty of one felony—civil disorder in violation of 18 U.S.C. § 231(a)(3)—and two misdemeanors. *See* Trial Tr. 393–96 [Dkt. #75]. I recently vacated a sentencing hearing scheduled for August 7, 2024, so that the parties could brief defendant's motion for reconsideration of the felony verdict, Mot. to Review and Reconsider the Trial Court's Guilty Verdict ("Def.'s Mot.") [Dkt. #97], filed on August 1. *See* Min. Order (Aug. 2, 2024). That motion is now fully briefed and ripe.

Defendant asserts that, since the original sentencing hearing,[1] cases have come to his attention "where district court judges found similarly situated defendants not guilty of felony Civil Disorder." Def.'s Mot. 2. Defendant asks that I review these cases, reconsider my finding of guilt as to the count of civil disorder, and conclude that he did not have the

---

[1] This hearing was continued for supplemental briefing on extensive disagreement concerning Guidelines calculations.

requisite intent to be guilty of that crime. Unfortunately for the defendant, his motion faces two steep hurdles.

*First*, it is not at all clear that I even have the power to "reconsider" my finding of guilt as to civil disorder in this case. There is scant authority that a district court can reconsider a finding of guilty on a motion such as defendant's. Indeed, if this were a motion under Federal Rule of Criminal Procedure 29,[2] it would clearly be untimely. Defendant stresses, however, that this is not a Rule 29 motion. Instead, he claims that this Court simply "ha[s] the authority to entertain such motions and reconsider non-final rulings," which, according to defendant, includes guilty findings at bench trials. Defendant's only relevant authority for this proposition is *United States v. DaSilva*, 2024 WL 519909 (D.D.C. Feb. 8, 2024).

In *DaSilva*, my colleague Judge Nichols found the defendant guilty of three violations of 18 U.S.C. § 1752. *Id.* at *1. In a subsequent case, Judge Nichols decided that a conviction under § 1752 required proof of an additional element concerning knowledge that he had not previously considered in *DaSilva*. *Id.* Therefore, the district court "reconsider[ed] its prior findings of guilt," applying the previously excluded element concerning knowledge and concluded that, because the government had not proven that element beyond a reasonable doubt, the court could not find the defendant guilty under § 1752. *Id.* at *6. Judge Nichols reasoned that, while juries render verdicts of guilt, judges

---

[2] Rule 29 governs different kinds of motions for acquittal. Rule 29(a) addresses motions for acquittal made "before submission to the jury." Under Rule 29(b), the judge can immediately decide a Rule 29 motion or "proceed with the trial[,] . . . submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged." Rule 29(c) addresses motions to acquit made after jury verdict or discharge.

at bench trials make findings of guilt that are not final orders and can therefore be corrected by the court's inherent power of justice, as long as the court maintains control of the parties and subject matter. *Id.* at *2–5. Judge Nichols concluded that the Federal Rules of Criminal Procedure do not preclude a district court from reconsidering findings of guilt at a bench trial, reasoning that Rule 29 only applies to jury trials. *Id.* at *5–6.

At this time, *DaSilva* is, of course, not binding on this Court, and I read the Federal Rules of Criminal Procedure and the limitations of my power (or lack thereof) to revisit findings of guilt differently. Accordingly, I can either treat the defendant's motion as an untimely Rule 29 motion, or simply not recognize it at all without an ancillary procedural authority. Either way, it fails procedurally.

*Second*, even if I could reconsider my finding of guilt, defendant's motion would fail on the merits because I do not find his arguments about intent in other cases determinative. The fact that two of my colleagues did not find the requisite intent from two different sets of facts concerning two different defendants in two different cases is not persuasive. *See United States v. Hicks*, 23-cr-399 (D.D.C.); *United States v. Daniele*, 23-cr-143 (D.D.C.); Def.'s Mot. 2–5.

For the reasons above, defendant's motion for reconsideration is **DENIED**.

Accordingly, it is hereby

**ORDERED** that defendant's Motion for Reconsideration [Dkt. #97] is **DENIED**.

**SO ORDERED**.

_/s/ Richard J. Leon_<br>
RICHARD J. LEON<br>
United States District Judge